UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.W., et al.,<br><br>　Plaintiffs,<br><br>　v.<br><br>DISTRICT OF COLUMBIA,<br><br>　Defendant. | Civil Action No. 23-165 (JDB) (ZMF) |

## MEMORANDUM OPINION & ORDER

Plaintiffs D.W. and D.W.'s parents sued the District of Columbia, alleging that the District of Columbia Public Schools ("District") did not provide D.W. with a Free Appropriate Public Education ("FAPE") as guaranteed under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. Specifically, they argue that the District failed to provide D.W. with appropriate Individualized Education Programs ("IEPs") in September 2019, May 2020, and August 2021. They also allege that the independent hearing officer ("IHO") who held their due process hearing was biased and should have recused himself. Before the Court are plaintiffs' objections to Magistrate Judge Faruqui's Report and Recommendation ("R&R"), in which he denied plaintiffs' motion for summary judgment and granted defendant's cross-motion for summary judgment. For the reasons that follow, the Court will adopt the R&R in full.

### Background

The factual and procedural history of this case are detailed in Magistrate Judge Faruqui's R&R. See R&R [ECF No. 16] at 2–6. The Court thus assumes familiarity with the facts of this case and only briefly discusses the most pertinent facts here.

1

Plaintiff D.W.—who at the time in question was an elementary school student enrolled in Janney Elementary School—has been diagnosed with attention-deficit/hyperactivity disorder, learning disorders in reading, writing, and math, and anxiety disorder. Admin. Record [ECF No. 7] ("AR") at 79. As part of the District's obligations under the IDEA, Janney provided D.W. with an IEP in September 2019 for the 2019–2020 academic year. Id. at 125–137. The IEP "included weekly behavioral services and additional instruction in reading, writing, and math inside and outside of the general education setting," and outlined thirteen goals. R&R at 2. The record reflects that D.W. made some progress on these goals between September 2019 and March 2020. See id. at 3.

In March 2020, Janney transitioned to asynchronous virtual learning because of the Covid-19 pandemic. Id. D.W. struggled during this time (and indeed, the IHO eventually concluded that the District failed to implement D.W.'s IEP between March–May 2020) and Janney proposed a revised IEP in May 2020. Id. Although the draft IEP increased D.W.'s specialized instruction inside and outside the classroom, id. at 3, D.W.'s parents removed D.W. from Janney and enrolled D.W. at a private school for the 2020–2021 academic year, AR at 1642–43.

Plaintiffs had no contact with the District until June 2021, when they requested an updated IEP for the 2021–2022 academic year. R&R at 4. The August 2021 IEP was nearly identical to the May 2020 IEP (aside from reducing D.W.'s math individual support by thirty minutes each week), and D.W.'s parents again rejected it. Id. Plaintiffs then requested a Due Process hearing before an IHO, alleging that Janney had failed to provide an appropriate IEP in September 2019, May 2020, and August 2021, and that Janney had failed to implement D.W.'s September 2019 IEP for the entire academic year due to Janney's transition to asynchronous virtual learning in March 2020. AR at 695–97. After a five-day hearing (during which the IHO engaged in a tense exchange

with plaintiffs, who then sought his recusal), the IHO issued a twenty-seven-page decision. See id. at 4–31. First, he found that Janney provided D.W. with IEPs that were "reasonably calculated to enable [D.W.] to make progress appropriate in light of [D.W.'s] circumstances," as required by the IDEA. Id. at 27. He then determined that although Janney's delay in providing plaintiffs with a draft IEP in August 2021 constituted a procedural violation of the IDEA, it did not amount to a substantive violation because the delay did not prevent D.W.'s parents from participating in the IEP process. Id. at 29. Finally, he concluded that the District failed to implement D.W.'s September IEP between March and May 2020 and ordered the District to fund D.W.'s participation in a 2023 summer program. Id. at 29–30.

In January 2023, plaintiffs filed the present suit. In their complaint, plaintiffs allege that the IHO improperly denied the motion for his recusal and erred in finding that the District provided D.W. with a FAPE. Compl. [ECF No. 1] ¶¶ 105–12. On February 13, 2024, Magistrate Judge Faruqui issued an R&R denying plaintiffs' motion for summary judgment and granting defendant's cross-motion for summary judgment. Plaintiffs timely objected, and the matter is ripe for decision.

## Legal Standard

### I. Summary Judgment in an IDEA Case

On review of a hearing officer's decision, the party challenging the administrative determination must "persuad[e] the court that the hearing officer was wrong . . . by a preponderance of evidence." Edward M.-R. v. District of Columbia, 660 F. Supp. 3d 82, 98 (D.D.C. 2023) (cleaned up); see also Reid ex rel. Reid v. District of Columbia, 401 F.3d 516, 521 (D.C. Cir. 2005). When reviewing such decision, courts may not substitute their own views for those of the hearing officer and must consider "factual findings from the administrative

proceedings" to be "prima facie correct."  D.R. ex rel. Robinson v. Gov't of D.C., 637 F. Supp. 2d 11, 16 (D.D.C. 2009) (cleaned up).  A motion for summary judgment under the IDEA "operates as a motion for judgment based on the evidence comprising the record and any additional evidence the Court may receive."  Id.

## II. Magistrate Judge Recommendation

District courts must conduct a de novo review of "any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  Proper objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for objection."  LCvR 72.3(b).  Where, as here, a "party makes only conclusory or general objections," Houlahan v. Brown, 979 F. Supp. 2d 86, 88 (D.D.C. 2013), or "merely rehash[es] an argument presented [to] and considered by the magistrate judge," Shurtleff v. EPA, 991 F. Supp. 2d 1, 8 (D.D.C. 2013), such objections "are not 'properly objected to' and are therefore not entitled to de novo review," id.

## Analysis

Plaintiffs contend that the magistrate judge erred in (1) finding that the IHO's behavior at the due process hearing did not rise to the level of bias or partiality to require recusal; and (2) determining that D.W.'s September 2019, May 2020, and August 2021 IEPs were proper.  The Court agrees with the magistrate judge's conclusions as to the IHO's recusal and to each of D.W.'s IEPs.[1]

## I. IHO's Recusal

Plaintiffs have not demonstrated that the IHO was "actually biased with respect to factual issues being adjudicated."  Thomas v. District of Columbia, 407 F. Supp. 2d 102, 109 (D.D.C.

---

[1] The Court would make such findings even on a de novo standard of review.

4

2005) (quoting Harline v. Drug Enf't Admin., 148 F.3d 1199, 1204 (10th Cir. 1998)). While the Court does not endorse the IHO's behavior, which included "expressions of impatience, dissatisfaction, annoyance, and even anger," such expressions do not establish bias or partiality. Liteky v. United States, 510 U.S. 540, 555–56 (1994). Nor do "judicial remarks [made] during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases." Id. at 555. Accordingly, the IHO's reference to D.W.'s mother's testimony as "coy and cagey," and his admonishment that she should not "blow smoke" at him—without more—do not rebut the "presumption of honesty and integrity" a hearing officer enjoys. See Thomas, 407 F. Supp. 2d at 109.

Nor is the Court persuaded by plaintiffs' argument that the magistrate judge erred by not acknowledging the District of Columbia's Standard Operating Procedures ("SOP") for due process hearings. Pls.' Objs. to R&R [ECF No. 18] at 2–4. The SOP sets out the procedural process for a party to seek recusal of an IHO where the party has a good faith basis to believe the IHO "has a personal or professional bias, or is otherwise disqualified from hearing a case." Id. at 3 (quoting § 603 of the SOP). Plaintiffs followed this procedure and the IHO denied their motion for recusal. AR at 1034–46. Plaintiffs ignore that regardless of the SOP process for recusal, courts do not require the IHO's recusal unless he "was actually biased with respect to factual issues being adjudicated," Thomas, 407 F. Supp. 2d at 109, which they have failed to prove.

This conclusion is further strengthened upon review of the IHO's decision, which reflects the thoroughness with which he reached his determinations. See R&R at 10. The IHO included eighteen pages of factual findings, which addressed various credibility determinations and a detailed summary of the programs offered to D.W. As Judge Faruqui explained, the IHO considered contrary evidence and "carefully balanced the evidence presented before him." Id. (quoting A.I. ex rel. Iapalucci v. District of Columbia, 402 F. Supp. 2d 152, 171 (D.D.C. 2005)). The Court

5

therefore does not find that the IHO was biased or partial with respect to the factual issues being adjudicated and will accept Judge Faruqui's R&R as it relates to allegations of bias or partiality.

## II.   D.W.'s IEPs

The record supports the IHO's conclusions that each of D.W.'s IEPs was appropriate. "The key inquiry" in determining whether a student's IEP was appropriate is "whether, taking account of what the school knew or reasonably should have known of a student's needs at the time, the IEP . . . was <u>reasonably calculated to enable the specific student's progress</u>." <u>Z. B. v. District of Columbia</u>, 888 F.3d 515, 524 (D.C. Cir. 2018) (emphasis added). The Court agrees with the magistrate judge that "the IHO's conclusion that D.W. had evinced meaningful educational progress during the September 2019 IEP period at Janney was grounded upon reasoned findings clearly supported by the record." R&R at 13 (cleaned up); <u>see</u> <u>A.I.</u>, 402 F. Supp. 2d at 167. The record includes findings that by the end of the 2019–2020 academic year, D.W. progressed toward each of the IEP's thirteen goals and had mastered six of them. <u>See</u> R&R at 12; <u>see also</u> <u>Moradnejad v. District of Columbia</u>, 177 F. Supp. 3d 260, 275 (D.D.C. 2016) ("[A] child's academic progress under a challenged IEP can be relevant in determining the appropriateness of that IEP."). And the Court agrees that just as the September 2019 IEP was appropriate, so was the May 2020 IEP, which D.W.'s mother admitted was "lifted from [her] parental input verbatim," and which increased the specialized instruction Janney would provide to D.W. <u>See</u> AR at 25. Finally, although the District committed a procedural violation in regard to its (lack of) development of D.W.'s August 2021 IEP, plaintiffs have failed to explain how the delay in receiving a draft IEP denied them meaningful participation in the IEP process, particularly where "the parties' positions were well entrenched" by that time. <u>Id.</u> at 29. The Court thus also accepts Judge Faruqui's R&R as it relates to the IEPs.

\*   \*   \*

For the foregoing reasons, it is hereby

**ORDERED** that the Report and Recommendation dated February 13, 2024, is adopted in full; it is further

**ORDERED** that [8] plaintiffs' motion for summary judgment is **DENIED**; and it is further

**ORDERED** that [11] defendant's motion for summary judgment is **GRANTED**.

/s/<br>
JOHN D. BATES<br>
United States District Judge

Dated: March 29, 2024